IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OR ARKANSAS
FORT SMITH DIVISION


CINDY LEDBETTER                                                    PLAINTIFF


        v.                        CIVIL NO. 12-2277


CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                     DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

        Plaintiff, Cindy Ledbetter, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI

of the Social Security Act (Act).  In this judicial review, the Court must determine whether there

is substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

I.      **Procedural Background:**

        Plaintiff protectively filed her current applications for DIB and SSI on May 19, 2009,

alleging an inability to work since March 3, 2009, due to knee and back impairments.  (Tr. 106,

110, 169).  An administrative hearing was held on June 10, 2010, at which Plaintiff appeared

with counsel and testified.  (Tr.27-52).

_____

        [1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as
        Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

By written decision dated March 28, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 15). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of her lumbar spine and Ehlers-Danlos syndrome with secondary joint laxity and instability. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she is unable to climb, kneel, crouch or crawl, can only occasionally balance and stoop, is unable to work around hazards, including no driving as part of work, and needs an assistive device to ambulate.

(Tr. 17). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as a cashier and payroll clerk. (Tr. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on September 25, 2012. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (Docs. 10,11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.     Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.

-2-

2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or

AO72A
(Rev. 8/82)

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national

economy given her age, education, and experience.  See 20 C.F.R. §§ 404.1520, 416.920.  Only

if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work

experience in light of her residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138,

1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

## III.    Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination.  RFC is the

most a person can do despite that person's limitations.  20 C.F.R. § 404.1545(a)(1).  A disability

claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731,

737 (8th Cir.2004).  "The ALJ determines a claimant's RFC based on all relevant evidence in

the record, including medical records, observations of treating physicians and others, and the

claimant's own descriptions of his or her limitations."  Eichelberger v. Barnhart, 390 F.3d 584,

591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005).  Limitations

resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. §

404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a

"claimant's residual functional capacity is a medical question."  Lauer v. Apfel, 245 F.3d 700,

704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be

supported by medical evidence that addresses the claimant's ability to function in the

workplace."  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ determined that Plaintiff was able to perform sedentary work

-4-

with limitations.  A review of the record revealed that Plaintiff underwent a general physical examination on August 6, 2010, performed by Dr. Van Hoang. (Tr. 348-353).  After examining Plaintiff, Dr. Hoang opined that Plaintiff had severe physical limitations for work, but did not complete a RFC assessment.  After reviewing the entire evidence of record, which included Plaintiff's treating physician's opinion that Plaintiff had limitations with working (Tr. 339), as well as the recommendation that Plaintiff possibly reduce her workday to four hour a day (Tr. 298), the Court finds remand necessary so that the ALJ can more fully and fairly develop with record with regard to Plaintiff's back and lower extremity impairments.

On remand, the ALJ is directed to address interrogatories to Dr. Hoang, asking Dr. Hoang to review Plaintiff's medical records; to complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and to give the objective basis for his opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis.  With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

**IV.    Conclusion:**

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de**

AO72A
(Rev. 8/82)

**novo review by the district court.**

DATED this 28th day of January, 2014.


/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-6-